Mr. Justice Shepard
delivered the opinion of the Court:
This is an appeal from the decision of the Commissioner *549 of Patents in an interference case having the following issue:
“1. The improvement in the art of manufacturing pyroxylin compounds which consists in dissolving or converting pyroxylin with the aid of the solvent action of a mixed ether, substantially as set forth.
“2. The process of gelatinating soluble pyroxylin which consists in treating the soluble pyroxylin with a solvent that contains one or more of the mixed alkyl oxids, substantially as described.
“ 3. A pyroxylin composition containing pyroxylin and one or more mixed alkyl oxids.
“4. As a new article of manufacture, a liquid pyroxylin composition containing pyroxylin and one or more of the mixed alkyl oxids.”
The applications for patent on which the interference was declared were filed in the following order: John H. Stevens, June 19,1895; Robert O. Schupphaus, June 2,1896. The first interference declared between these parties on January 25, 1898, and including one Leonard Paget, was dissolved on motion of Schupphaus. After some amendments of claims the interference was redeclared on August 19, 1898. Paget has disappeared from the record.
The examiner of interferences was of the opinion that the testimony of Schupphaus, upon whom was the burden of proof, was not sufficient to show conception of the invention of the issue. But conceding this, for the sake of the argument, he was also of opinion that he had not reduced his alleged discovery to practice. This conclusion made it unnecessary to determine Steven’s date of conception or actual reduction to practice, because his application had been filed nearly one year before his opponent’s. Priority, therefore, was necessarily awarded to Stevens.
Upon appeal to the examiners in chief, this decision was reversed and priority awarded to Schupphaus.
They did not dispute the conclusions of the examiner of interferences in respect of the facts considered by him; nor, *550 it seems, was the conception and reduction to practice by Stevens, in 1890 and earlier, of the invention claimed in his own application, denied by the counsel for Schupphaus. This is shown by the following extract from their decision:
“Schupphaus does not here question the sufficiency of the proofs which Stevens has offered in support of his claim that he conceived the invention of his application, and from his standpoint of the issue, and actually reduced it to practice in 1880, when he made from fifty to one hundred pounds of pyroxylin composition, and that he again reduced said invention to practice in 1890, when twenty-five pounds of the same material were made. He does not contend that he was diligent in reducing to practice or in any manner depend upon the superiority of his case over that of his adversary in the matter of dates. He sweeps aside all questions concerning conception, reduction to practice, and diligence, and practically rests his case upon the single point that 'Stevens neither discovered, invented, nor described the matter at issue prior to his inspection of the application of Dr. Schupphaus and to his copying of the claims of Dr. Schupphaus in 1898 after being in interference with the application of Schupphaus and the two patents of Leonard Paget’ under an issue which was not the same as the claims of all the parties. Aft.er dissolution by the Commissioner of the interference thus irregularly declared by the principal examiner, Stevens, by copying Schupphaus’s claims, precipitated the present interference. The principal examiner had previously decided in interference No. 19,280 that Stevens has a right to make a claim couched in the language of count 3 of the present issue, which covers the product of the process that is the subject of counts 1 and 2, and is therefore controlling of the issue. The motion which eventuated in this affirmative and unappealable decision was, of course, not renewed upon the declaration of the present interference. Schupphaus was therefore obliged to accept the decision that *551 Stevens -had a right to the aforesaid count of the issue as final and conclusive and to go to trial upon the case as it stood.
“ WhilejjSchupphaus can not by direct and regular proceedings bring the question eo nomine of Stevens’s right to claim the issue before us upon, appeal, and this tribunal can not make an authoritative and binding decision either in affirmance or reversal of the examiner’s decision concerning this question (Rule 139a), it is clearly Schupphaus’s right to submit here and to have decided the question whether Stevens’s application, when considered as a part of the evidence in the case, does not after all fail to show the invention as defined by the issue. This is a fundamental proposition which would seem to possess sufficient inherent strength to maintain itself without being supported by any authority. However, attention is called to the decision of the Court of Appeals of the District of Columbia in the case of Stevens et al. v. Seher, 81 O. G. 1932.”
Following this with a lengthy review of the evidence, and analysis of the specifications of Stevens’s application, they agreed with the contention of Schupphaus, that said application, as originally filed, did not disclose the invention of the issue, and therefore awarded priority to him.
The action of the Commissioner on appeal by Stevens from the foregoing decision, and his reasons therefor, can not be better stated than in the following extract from his decision:
“In Stevens’s appeal from the decision of the examiners in chief are fifteen counts of alleged errors. It is not necessary here to review these separate counts, for the main question involved in this appeal is whether the examiners in chief had authority to pass upon the question whether Stevens’s original application disclosed the issue of this interference and to award priority to Schupphaus on the ground that Stevens has no right to make the claims in issue, and that no interference in fact exists. Stevens con *552 tends that if Schupphaus desired to raise this question it should have been done by a motion to dissolve, as provided for by the rules of this office, and that Stevens should have been given an opportunity to show that what was disclosed by his application as originally filed and the compound he made in 1880 and 1890 fall within the issue of this interference.
“ After a consideration of the case, I am of the opinion that Stevens’s contention is correct. Under the Rules of Practice of this office, the examiners in chief should not have passed upon these questions, but if, in their opinion, Stevens’s application did not disclose the invention and he had no right to make the claims, they should have called the Commissioner’s attention to the matter, as provided for by rule 126. Treating that part of their decision which passes upon these questions as a compliance with this rule, the interference is suspended and the case remanded to the primary examiner for consideration of the matter involved in this appeal. When the case comes before the primary examiner, he will give the parties an opportunity to appear before him and present the matter, and as it appears that Stevens has not heretofore had an opportunity to fairly present his side of the case, he need not feel bound by the decision of the examiners in chief.”
Upon this reference to the primary examiner, counsel were heard, and Stevens supported his contention with the sworn statements of several distinguished experts in chemistry. His determination, reported to the Commissioner June 14, 1900, and communicated to both parties, was that Stevens had the right to make the claims in issue. Upon an application for an appeal to the examiners in chief from that decision, the Commissioner decided that the reference had been made under rule 126 of the Patent Office and that a decision made thereunder, favoring patentability or the right of the party to make the claim, could not be appealed from. Moreover, he declined to exercise his supervisory *553 power over the action of his subordinates, in the particular case, as called to his attention by the application for the allowance of the appeal. On June 21, 1900, the Commissioner took up the matter of the original appeal, that had been suspended by the aforesaid reference, and reversed the decision of the examiners in chief. Assuming, from the recital in their decision and' the brief of counsel by them referred to, that the sole question in controversy had been settled by the reference, he, without discussing any other question, awarded priority to Stevens.
Schupphaus then filed a motion for rehearing in which he denied that this was the sole question to be determined and asked for reconsideration of the cause.
Upon denial of his motion this appeal was taken.
In view of the extended proceedings in this case, and the many decisions upon the contested points adapted to the several contentions and concessions of the parties, which the record contains, it seems to us wholly unnecessary to review the evidence introduced by the parties in support of their respective claims of conception and reduction to practice. The evidence offered by Schupphaus, upon whom lies the burden of proof, is fairty stated and discussed in the decision of the examiner of interferences. The correctness of his view of its weight and legal effect has met with the tacit approval of the examiners in chief, and has been affirmed by the Commissioner. We agree with his conclusion that this evidence is weak in respect of the date claimed of conception or discovery, and falls short of showing reduction to practice. The consequent result is that he must be confined, for both purposes, to the date of filing his application. As Stevens entered the office almost a‘year before his rival, there is no occasion to go into the evidence relied on as showing an earlier conception and reduction to practice by him, if his application shows the invention embodied in the issue. Moreover, the examiners in chief, who decided against him, admitted, and his opponent’s counsel then con *554 ceded, that he had discovered and reduced to practice the invention disclosed by his application, as early as 1890, and even 1880. Their action was founded on the denial that the application showed the invention embodied in the issue of interference, and that is the only question that remains to be considered.
Whether we shall enter upon this consideration and determine the point as necessarily or properly arising upon this appeal, presents a question of general importance because it involves the power to inquire into the rules of practice of the Patent Office, and to review collateral decisions made under those rules, upon the appeal permitted to this court from final decisions in interference cases. It is for this reason that the history of the proceedings in this case has been given at length above.
Now, before the interference was declared, the claims of each application had, necessarily, been allowed as patentable by the regular tribunal of the office. From such determination there is no appeal. Appeal lies only on behalf of an applicant whose claims have been finally rejected for want of patentability.
The declaration of interference, following thereon, was a like unappealable adjudication that both of these applications covered the claims of the issue as defined — that is to say, that a patent therefor would be issued to either party' were the other out of the way.
It was within the power of either party to move to dissolve the interference, whereupon the point could be carried to the Commissioner for final determination. Even without such motion, the Commissioner may, on appeal from a decision in an interference case, declare that there is no conflict in fact between the two applications and remand both to be allowed, or declare that the subject-matter of the issue is not patentable at all, and remand both for vacation of the order allowing them and an entry of rejection. Cushman v. Lines, 10 App. D. C. 156; Seymour v. Brodie, 10 App. D. C. 567.
*555 From the exercise of this power no direct appeal would lie in either case, though in the latter each party would have his right of appeal from the final order of rejection made thereafter by the Commissioner in due course.
When the examiners in chief went behind the declaration of interference and decided that Stevens’s application did not show the invention defined in the issue, the Commissioner, accepting their decision as invoking his action under rule 126, and exercising his discretionary power thereunder, out of abundant caution, referred the question to the primary examiner for re-examination and report. On this re-examination, both parties were directed to be heard, and Stevens embraced the opportunity by offering the evidence of experts in support of his claims. Schupphaus offered nothing new. The examiner, confirmed in the opinion that Stevens’s application did show the invention-of the issue, so reported to the Commissioner, who adopted his report and acted thereon in his final decision.
Under all these circumstances, we do not consider that we are authorized, much less required, on this appeal to review this collateral decision. This court has time and again declared that the patentability of the claims of the contesting parties, in an interference case, is not involved; the question for determination is priority of invention. Hisey v. Peters, 6 App. D. C. 68, 70; .Cushman v. Lines, 10 App. D. C. 156; Doyle v. McRoberts, 10 App. D. C. 445; Dodge v. Fowler, 11 App. D. C. 592; Hill v. Hodge, 12 App. D. C. 528; Tracy v. Leslie, 14 App. D. C. 126; Hulett v. Long, 15 App. D. C. 284, 289; Newton v. Woodward, 16 App. D. C. 568; Latham v. Armat, ante, p. 345.
Notwithstanding the specific form in which the question has been presented, it is substantially one of patent-ability and nothing else. Hulett v. Long, 15 App. D. C. 284, 289. ’
In that case, the reasons upon which the foregoing decisions rest are fully stated, and there is nothing in the *556 conditions of the present case that calls for additional explanation.
The contention, on behalf of the appellant, that, the question, whether Stevens’s application discloses or covers the invention of the issue, is necessarily involved in the determination of the claim of priority of invention, has no support in any decision of this court. There is no analogy between the case at bar and that of Beckman v. Wood, 15 App. D. C. 484, 504. The same is true, though not so apparent, of Stevens v. Seher, 11 App. D. C. 245, upon which the examiners in chief expressly rested their decision.
In that case, the decisions of both the examiner of interferences and the examiners in chief, had been to the effect that Stevens had reduced his novel combination, that was in issue, to practice before Seher had filed the application upon which he had received his patent; and that there was no sufficient proof on behalf of the latter to warrant him the award of an earlier date than that of the filing of his said application.
Upon appeal therefrom, the acting Commissioner reversed and awarded priority to Seher, because he was of opinion, from the testimony, that the latter had conceived and made disclosure to others before the established date of Stevens-The question of the controversy was not whether the application and patent of Seher, disclosed the invention of the issue, but whether that invention had been conceived and disclosed by him prior to the reduction to practice by Stevens. Stevens’s testimony had, with the required certainty, carried him back of the date of Seller’s application, and the burden of proof was shifted to the latter to show an earlier conception.
The difficulty of establishing, with the requisite certainty, the particular invention claimed in that case, without actual experiment and result, was evident; and it was this apparently that led to the comments made upon the vagueness and uncertainty of the process described in the specification *557 of the application and the patent issued thereon. The question, whether the invention was really disclosed therein was not involved and was not intended to be decided.
From the views expressed it follows that the decision appealed from must be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents in the manner required by law. Affirmed.